The opinion of the court was delivered by
McEnery, J.
This is a suit to restrain the execution of a judgment of the District Court of the parish of St. Landry in a suit entitled J. U. Payne & Co. vs. A. C. Townsend.
The ground for the injunction is that the execution was prematurely issued, as the judgment creditors had granted a stay of execution until the 1st day of January, 1890. Damages for the illegal seizure are claimed to the amount of $9000 against the judgment creditors, and the Sheriff in solido, divided as follows:
“For actual damages sustained by your petitioner by the wrongful seizure in the sum of $5000.
“ For vexation of mind, trouble and annoyance to himself, and family, and time lost by him, in the sum of $2000.
“For punitory and exemplary damages in the sum of $1000. For attorney’s fees in the sum of $1000.”
The defendants pleaded a general denial, and specially denied that there was any stay of execution granted as alleged in plaintiff’s petition, and that the statement in the judgment that no execution would issue until the end of the year was inserted merely ex gratia, and formed no part of the evidence on which the court acted in-rendering the judgment. They prayed for damages, but have abandoned the demand in this court.
The judge rejected the demand of plaintiff for actual damages, as the allegations in the petition were too vague and indefinite to admit of proof, and allowed plaintiff for exemplary and punitory damages $500, and perpetuated the injunction. The defendants have ap - pealed.
Henry M. Payne sold to A. C. Townsend the undivided half of the Anchorage plantation, part cash and the balance on terms of credit, for which notes were executed by Townsend and the usual mortgage and vendor’s privilege retained on the plantation, to secure the deferred payments.
*893 The last two of the notes were acquired by Jacob U. Payne & Co., and they brought suit against Townsend on the first maturity of the notes to enforce payment, with recognition of the mortgage and vendor’s privilege. The defendant Townsend made no appearance in said suit. When the default was made final and judgment rendered, there was inserted and incorporated in the judgment the following statement:
“ The attorney of plaintiff in this suit declares that he has been instructed not to seize or sell said property before the end of the year.”
The defendants contend that this statement did not operate a stay of execution, that it was inserted ex gratia, and, as incorporated in the judgment, is meaningless.
On this point the defendants offered in evidence the testimony of J. U. Payne, Thomas H. Lewis and R. W. Poster, to explain the insertion of said statement in the judgment. It was properly excluded by the District Judge, as no parol testimony can be received to vary, contradict, explain or interpret a judgment. The defendants’ counsel, however, states that such was not the intention of introducing the evidence, and its effects would not be to contradict or vary said judgment, but to show that the defendants were not controlled by any vindictive or malicious motives in executing the judgment. But in this we think he was mistaken, and the District Judge viewed the effects of the rejected testimony in its proper bearing.
It is immaterial in consideration of this question how the statement got in the judgment. It was prepared and written by plaintiffs’ counsel, and must have been placed there by plaintiffs’ instructions. It is sufficient to show that it was there, and that it formed a part of the judgment, as binding and authoritative as any other recital in it.
The plaintiffs in the judgment had no right to issue execution on the judgment before the time for the stay of execution had expired. The defendant had a right to expect that the seizure of the plantation would be deferred.
The only question that remains to be determined is as to the amount of damages to be awarded plaintiff in injunction.
The plantation was seized and sold on the last note on December 28, 1889. The plaintiff in injunction had but a short time in any event to remain on the place, as he was totally unprepared to meet the payments on the plantation.
*894 The recital of the stay of execution in the judgment inured to the benefit of the judgment debtor. There is no evidence in the record that it was the result of any concession on the part of the judgment debtor. From the peculiar wording of the language in the sentences granting the stay, it is evident that it was an indulgence on the part of the judgment creditor, which they undoubtedly believed they could withdraw. This view must also have been entertained by the court official who issued the ft. fa., or he would not have issued it in the face of a positive decree granting a stay of execution.
From the circumstances of the case, the fact of the issuing of the execution by the clerk, and the failure of the judgment creditors to seize the horses, mules and agricultural implements mentioned in the act of mortgage, we are of the opinion that there was not a wanton disregard of the rights of the judgment debtor.
There is in the record no proof of malice, wilful intent to injure or an absence of probable cause.
We do not think that the defendant is entitled to exemplary and punitory damages. The allegations in the petition for actual damages are too uncertain and inadequate to admit of proof.
The plaintiff in injunction is entitled to all necessary expenses for maintaining his possession of the place up to the time of its seizure and sale, when it passed from his possession and control. These comprise the court costs and attorney’s fees.
The demand for attorney fees can not be allowed. Such fees are allowed as damages when the injunction is dissolved; never when it is maintained; particularly in the absence of malice and probable cause. Dyke vs. Dyer, 14 An. 701; Ib., 738; 17 L. 263; 4 An. 304; 12 An. 239; 20 An. 571; 28 An. 729.
It is therefore ordered and decreed that the judgment appealed from be amended by striking therefrom the allowance for damages, and, as thus amended, it be affirmed.